UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GALVAN,<br><br>Petitioner,<br><br>v.<br><br>W. MONTGOMERY, Warden,<br><br>Defendant. | Case No.: 22-cv-00330-GPC-MMP<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 36]** |

Petitioner Juan Galvan, a California prisoner proceeding pro se, has requested that the Court appoint him counsel to assist in his habeas proceedings. ECF No. 36, at 2. For the reasons set forth below, the Court **DENIES** Petitioner's motion for appointment of counsel without prejudice. Petitioner may renew his request at a later time. The Court **GRANTS** Petitioner an extension of time to refile his petition in the California Supreme Court. Petitioner is **ORDERED** to refile his petition in the California Supreme Court— and inform this Court that he has done so—within sixty (60) days of this order.

## I. Background

On March 8, 2022, Petitioner Juan Galvan filed a petition for writ of habeas corpus in this Court. ECF No. 1. That same day, Petitioner filed a motion for a stay and abeyance while he exhausted his remedies in state court, ECF No. 3, which the Court granted on October 7, 2022, ECF No. 14. On January 29, 2024, Petitioner informed the Court that he had exhausted his state remedies, ECF No. 29, and the Court subsequently lifted the stay, ECF No. 30. However, On April 17, 2024, Petitioner submitted a letter explaining that he had misunderstood the California Supreme Court's order for a variety of reasons and needed to refile. ECF No. 32. The Court then, on April 18, 2024, reinstated the stay to allow Petitioner to return to state court to fully exhaust his remedies. ECF No. 33. The Court instructed Petitioner to refile his petition with the California Supreme Court within sixty days of the order, and to notify the Court within forty-five days after exhaustion was complete. *Id.*

Following those instructions, the Court did not hear from Petitioner regarding the status of his refiling with the California Supreme Court. On March 26, 2025, the Court ordered Petitioner to file a status report notifying the Court of the status of his state court exhaustion. ECF No. 35. On April 28, 2025, Petitioner filed his status report. ECF No. 36. In his report, Petitioner informed the Court that he has been attempting to secure representation but has not been successful. *Id.* at 1. Petitioner also stated that he has been unable to refile his petition with the California Supreme Court due to the loss of his legal research materials and a variety of mental health challenges. *Id.* Petitioner subsequently requested that the Court appoint counsel to assist him in his habeas proceedings or, in the alternative, provide him with an extension of time to refile his petition with the California Supreme Court. *Id.* Given the requests therein—and the standard that courts are to construe pro se filings liberally, *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010)—

the Court will interpret Petitioner's status report as a motion to appoint counsel or, in the alternative, for an extension of time to refile his claims in state court.

## II. Legal Standards

Though the sixth amendment right to counsel does not apply in federal habeas corpus proceedings, *see Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986), a court may appoint counsel to a financially eligible habeas petitioner when "the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B). *See also* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). "The interests of justice require appointment of counsel when it is necessary for effective discovery or when the court conducts an evidentiary hearing on the petition." *Mitchell v. CDCR Dir.*, No. 24-CV-01080-AJB-JLB, 2024 WL 3881858, at *1 (S.D. Cal. Aug. 19, 2024) (citing Rules Governing § 2254 Cases in the United States District Courts, R. 6(a); R. 8(c)). A court should also appoint counsel when such an appointment is "necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Outside of these scenarios, the appointment of counsel is within the discretion of the court. *Knaubert*, 791 F.2d at 728. However, such discretion is reserved for "exceptional circumstances." *Agyeman v. Corr. Corp. Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal citations omitted).

"In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

## III. Discussion

Petitioner requests appointed counsel because (1) his mental health challenges have prohibited him from exhausting his state remedies; (2) he has repeatedly lost his legal research materials due to incidents at the prison; and (3) he finds the legal process "too

complex to navigate alone." ECF No. 36, at 1-2. At this point in the proceedings, there has not been a request for discovery or an evidentiary hearing, nor has the Court determined that either is necessary. Thus, the decision of whether to appoint counsel is discretionary. *See Mitchell*, 2024 WL 3881858, at *1.

### A. Competency

To the extent that Petitioner is requesting the appointment of counsel due to an incapacitating mental illness, Petitioner has not submitted sufficient evidence. "An incapacitating mental disability may be grounds for appointment of counsel in some cases, but a [petitioner] making that argument must present substantial evidence of incompetence." *Meeks v. Nunez*, No. 13CV973-GPC(BGS), 2017 WL 476425, at *3 (S.D. Cal. Feb. 6, 2017). *See also Bogarin v. Hatton*, No. 16CV2793-BTM (BLM), 2018 WL 5111914, at *3 (S.D. Cal. Oct. 18, 2018) ("To the extent that Petitioner is requesting the appointment of counsel due to a mental illness or disability, Petitioner has not submitted the required 'substantial evidence' of incompetence to warrant a competency hearing."). When substantial evidence of incompetence is presented, a pro se party is entitled to a "competency hearing to determine whether a petitioner is 'competent under an appropriate standard for habeas petitioners.'" *Shack v. Knipp*, No. 12-CV-794-MMA BGS, 2012 WL 4111652, *3 (S.D. Cal. Sept. 17, 2012) (quoting *Allen v. Calderon,* 408 F.3d 1150, 1153-54 (9th Cir. 2005)). The Ninth Circuit has held that such a hearing is required to determine if a court should appoint a guardian ad litem, and that "counsel should be appointed for the limited purpose of representing petitioner at the competency hearing[.]" *Id.* (quoting *Allen*, 408 F.3d at 1153).

Though the Ninth Circuit has not specified what constitutes "substantial evidence" of incompetence, the materials submitted by the petitioner in *Allen v. Calderon* offer some guidance. 408 F.3d 1150 (9th Cir. 2005). In *Allen*, the petitioner submitted: (1) his own sworn declaration and a declaration from a fellow inmate which stated that he was mentally

impaired an did not understand the court's orders; (2) a letter from a prison psychiatrist stating, among other things, that petitioner was diagnosed with schizophrenia and taking two psychotropic medications; and (3) a second sworn declaration from the petitioner describing how the combination of his illness and medications hindered his ability to comprehend and respond to the determinations made by the court. *Allen*, 408 F.3d at 1151-52. The Ninth Circuit found that "those submissions established that 'he suffer[ed] from a mental illness, the mental illness prevent[ed] him from being able understand and respond to the court's order, and he was still suffering from the illness during the relevant time period.'" *Thompson v. Virga,* No. 11-CV-2818-NLS, 2012 WL 1154473, at *1 (S.D. Cal. Apr. 4, 2012) (alterations in original) (quoting *Allen,* 408 F.3d at 1153–54). Thus, the Ninth Circuit held that the district court should have appointed counsel to the petitioner for the purposes of a competency hearing. *Id.*

While the exact parameters of "substantial evidence" remain uncertain, the Ninth Circuit has made clear that "a history of serious mental illness is not enough by itself to constitute substantial evidence of incompetence." *Shack*, 2012 WL 4111652, at *4 (citing *West v. Brown,* 197 Fed. Appx. 625, 628 (9th Cir. 2006); *Travalini v. People of California,* 2006 WL 842435, at *3 (E.D. Cal. Mar. 28, 2006)).

Here, Petitioner has submitted no evidence of incompetence. In his status report, Petitioner indicates that he has "been unable to refile a petition in the State Court/California Supreme Court due to significant mental health challenges," and notes that he suffers from "depression, anxiety, PTSD, hypervigilance, and severe emotional distress[.]" ECF No. 36 at 1. Petitioner goes on to indicate that he has "a TABE score of 6.0 which indicates below-average intellectual functioning," and that he receives assistance in any prison disciplinary proceedings because of this limitation. *Id.* Petitioner also notes that he was, at one point, evaluated by a psychologist who determined that he possessed below-average intellectual functioning. *Id.* at 1-2. Despite referencing his diagnoses, TABE score, and

psychological evaluation in the text of his status report, Petitioner has not provided the Court with any evidence—for instance, medical records, evaluation results, or sworn declarations—supporting his claims.

Even if Petitioner had submitted additional evidentiary materials, the Court notes that such evidence would likely not sufficiently demonstrate that Petitioner's mental health struggles, significant as they may be, prevent him from understanding and responding to the Court's orders. *See Bogarin v. Hatton*, No. 16CV2793-BTM (BLM), 2018 WL 5111914, at *3 (S.D. Cal. Oct. 18, 2018) ("Petitioner's TABE test results and four-year old psychological evaluation do not support a finding that Petitioner's depression, anxiety, borderline intellectual functioning screening result, and level of literacy prevent him from understanding and responding to court orders."); *see also Shack*, 2012 WL 4111652, at *4 (collecting cases indicating substantial evidence of incompetency is a high bar). This is especially true considering Petitioner's previous filings in this case in which he clearly articulated his grounds for relief and successfully moved for a stay and abeyance to exhaust his claims in state court. ECF Nos. 1, 3. Accordingly, the Court finds there is no basis for a competency hearing at this time and will not appoint counsel to participate in that hearing.

Should Plaintiff again seek an appointment of counsel on the grounds that his mental health renders him unable to understand or respond to the Court's orders, the Court notes that Plaintiff must accompany any such request with "substantial evidence" of incompetence.

### B. Interests of Justice

The interests of justice do not require the Court to appoint counsel to Petitioner at this time. Petitioner has sufficiently navigated the legal process up to this point, including researching and filing a successful motion for stay and abeyance allowing him the opportunity exhaust his claims in state court. ECF No. 3. Thus, Petitioner's pro se filings to date indicate that he can adequately understand and present his claims. Though the Court

sympathizes with Petitioner's assertion that he has found the legal system "too complex" to navigate on his own, such an assertion of complexity is not sufficient to demand the appointment of counsel. *See*, *e.g.*, *Dunham v. Shiff*, No. 18CV863-GPC(JMA), 2018 WL 5292411 (S.D. Cal. Oct. 25, 2018); *Turner v. Foss*, No. 3:19-CV-1878-GPC-RBM, 2020 WL 1248876, at *2 (S.D. Cal. Mar. 16, 2020). Further, at this moment in the proceedings, Petitioner need only complete the exhaustion of his claims at the state level—a process that he has already begun. Thus, the Court does not find that the issues Petitioner currently faces are so complex as to require counsel's assistance to avoid a violation of due process.

As to Petitioner's repeated loss of his legal research materials, the Court regrets that such incidents have occurred. However, a loss of one's research is not such an exceptional circumstance as to require the appointment of counsel, particularly as Petitioner has previously demonstrated his proficiency in conducting legal research.

Lastly, it is too early in the proceedings for the Court to determine Petitioner's likelihood of success on the merits or whether the legal issues in his case are notably complex; the case is now stayed and neither an answer nor motion to dismiss have been filed. *See*, *e.g.*, *Mitchell v. CDCR Dir.*, No. 24-CV-01080-AJB-JLB, 2024 WL 3881858, at *2 (S.D. Cal. Aug. 19, 2024); *Balzarini v. Diaz*, No. 521CV01689RGKMAA, 2021 WL 9217128, at *1 (C.D. Cal. Oct. 14, 2021). Accordingly, the Court finds the interests of justice do not compel the appointment of counsel in this case at this time.

Thus, the Court **DENIES** Petitioner's motion for appointment of counsel without prejudice. Petitioner may renew his request at a later date.

### C. Motion for Extension of Time to File

Petitioner moved, in the alternative, for an extension of time to refile his petition in the California Supreme Court. ECF No. 36, at 2. The Court **GRANTS** Petitioner's motion for an extension of time to file. Within sixty (60) days of the date of this order, Petitioner must file a notice in this Court that he has refiled his petition in the California Supreme

Court. Petitioner must also notify the Court within forty-five (45) days after exhaustion is complete, at which time the stay will be lifted.

### IV.  Conclusion

For the reasons set forth above, the Court **DENIES** Petitioner's motion to appoint counsel, and **GRANTS** Petitioner's motion for extension of time to refile his petition in the California Supreme Court. Petitioner is **ORDERED** to refile his petition in the California Supreme Court—and inform this Court that he has done so—within sixty (60) days of this order.

**IT IS SO ORDERED.**

Dated:  October 7, 2025

Hon. Gonzalo P. Curiel
United States District Judge